RUCKER, Justice,
dissenting in part.
Because there is insufficient evidence to support a violation of Indiana Professional Conduct Rule 1.5(a), and because the sanction imposed on the Respondent is based in part on a violation not charged by the Commission, I respectfully dissent.
Indiana Professional Conduct Rule 1.5(a) provides in relevant part, “A lawyer shall not make an agreement for, charge, or collect an unreasonable fee.” • In this case the Commission alleged and the Hearing Officer found that Respondent violated this provision by “negotiating and entering into a contingency fee agreement when [M.L.] faced no risk of non-recovery” in the estate matter.
Although the evidence indicates little possibility that M.L. would receive nothing from the estate, still, there were a number of complicated disputes regarding the estate, and M.L. told Respondent the estate was being rapidly diminished by mismanagement. Thus, the amount of M.L.’s eventual inheritance was uncertain. Moreover, part of the consideration for the contingent fee was Respondent’s agreement that M.L. would owe him nothing, even the hourly component of his fee, unless and until she received a distribution from the estate. This enabled M.L. to retain Respondent immediately for potentially complex and lengthy litigation without obligation until a future point when funds from the estate would be available. Thus, contrary to my colleagues I am of the view that there is simply nothing in the record to support the conclusion that the contingent fee agreement in this case was unreasonable when initially entered. In essence Respondent did not “make an agreement for ... an unreasonable fee.”
As my colleagues point out there is evidence of record supporting the conclusion that Respondent may have violated Rule 1.5(a) by “charging] or collecting] an unreasonable fee.” But I make two observations: (1) the Hearing Officer made no findings or conclusions in this regard, and (2) more importantly the Commission never filed charges against Respondent alleging a violation of this provision of the Rule. To conclude that “Respondent violated Rule 1.5(a) by charging an unreasonable fee” Op. at 798, decides a question outside the scope of our review and violates the Respondent’s right to fundamental due process.
Concluding Respondent did not violate Indiana Professional Conduct Rule 1.5(a) — the most serious charge — I would impose a sanction of 90 days from the practice of law for the remaining violations: Rule 1.4(a)(4) (failure to comply with reasonable requests for information); Rule 1.16(a)(3) (failure to timely withdraw his appearance); and Rule 1.16(d) (failure to return M.L.’s file after being discharged).